Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85067-3970
602.277.8996
Fax 602.253.8346

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| MICHAEL E. GLASSBURNER, | Case No. 2:10-BK-17993 RTB |
| and | **TRUSTEE'S RECOMMENDATION** |
| LINDA S. GLASSBURNER, | |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. The Plan is underfunded due to underestimated priority tax debt. Additional plan yield is required.

2. The Plan proposes payment of a secured claim to Maximum Title Loans, LLC who has filed no secured proof of claim. The Trustee requires that the Debtors provide verification of the creditor's security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provide as follows: "The Trustee has authority to pay on the secured debt owed to Maximum Title Loans, LLC even though the creditor has filed no secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor." If the security interest cannot be verified by the Debtors, then the Debtors may delete the proposed treatment in a proposed order confirming plan <u>after</u> filing a motion and providing 25 days' notice to the creditor of the intent to delete the proposed secured treatment from the Plan.

3. The Trustee notes that the Internal Revenue Service has filed an amended claim on

5/23/11 that lists a priority debt of $63,583.71. The Trustee has considered the claim amount in his plan analysis.

4. The Trustee requests a copy of the Debtors' state and federal income tax returns for 2010 along with all attachments.

5. A self-employed Debtor is required to file monthly Business Operating Statements with Court. Statements for June 2010 through May 2011 are past due and must be filed immediately. The Debtor is reminded that this is a monthly filing requirement and each BOS must be filed by the 15th day of each following month.

6. The Order confirming must correct the plan payment start date to July 9, 2010.

7. **Plan payment status:** The Debtors are currently $3,500.00 in default with an additional payment coming due July 9, 2011. The Debtors must remit a total of $4,200.00 no later than August 1, 2011.

8. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, When counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at http://www.maney13trustee.com/mcforms2.htm.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and

provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2010 - 2012 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

SUMMARY

**Pursuant to Local Rule 2084-10, paragraph E.(2), the Debtors must provide the following by August 1, 2011 or the Trustee will lodge an order dismissing the case:**

(a) Items #1 through 8.

**The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.** If the Debtors meet all requirements of the Recommendation and this case remains active, Debtors' counsel must submit to the Trustee for review and signature, a proposed stipulated Order Confirming the Plan, signed by all objecting parties, which incorporates the requirements of this Recommendation, no later than August 1, 2011. The Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(c), L.R.B.P., to begin running when all Recommendation conditions are met.

_____
Russell Brown
Chapter 13 Trustee

A copy of this document was
mailed on the date signed below to:

Michael and Linda Glassburner
950 W. Juanita Ave.
Gilbert, AZ 85233
Debtors

1   Matthew J. Linn
    The Frutkin Law Firm, PLC
2   101 N. First Ave., Ste. 2410
    Phoenix, AZ 85003
3   Attorney for Debtors

4

5

6   _____

7   *jmorales@ch13bk.com*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28